# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

KEVIN DEGNAN,

                                            Plaintiff,

              -vs-
                                                          DECISION and ORDER
                                                          05-CV-6043-CJS
TOWN OF GREECE, *et al.*,

                                            Defendants.

## APPEARANCES

For plaintiff:                              Jon P. Getz, Esq.
                                            Muldoon and Getz
                                            144 Exchange Blvd. Suite 402
                                            Rochester, NY 14614-2108
                                            (585) 262-5130

For defendants:                             Joseph B. Rizzo, Esq.
                                            David Spoto. Esq,
                                            Gallo & Iacovangelo LLP
                                            39 State St. Suite 700
                                            Rochester, NY 14614
                                            (585) 454-7145

## INTRODUCTION

**Siragusa, J.**   This employment discrimination case is before the Court on

defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),

12(b)(6) and the *Colorado River* abstention doctrine, or in the alternative, to stay the action

pending the outcome of plaintiff's State court action. For the reasons stated below, the

motion is denied. The action pending in State court is not duplicative of the action pending

before this Court. Consequently, there is no basis for abstention. Further, plaintiff's complaint does sufficiently state causes of action to avoid dismissal under Rule 12(b)(6).

## BACKGROUND

Plaintiff alleges that he is a 19-year veteran of the Greece Police Department, employed since October 2, 1985 as a police officer. He further alleges that in October 1996, he was assigned to a Multi-Agency Drug Task Force ("MADTF") as a narcotics investigator/detective. The MADTF later became the Greater Rochester Area Narcotic Enforcement Team ("GRANET"). Plaintiff served in the MADTF and later the GRANET, as a narcotics investigator/detective for more than 72 months. He then petitioned defendants demanding that he be "placed as an investigator/detective under New York State Civil Service Law…." (Compl. ¶¶ 14, 17.) Although not set forth as an allegation in plaintiff's complaint, presumably his request was denied, since on May 8, 2002, he commenced a court proceeding. More specifically, he filed a petition in New York State Supreme Court under New York Civil Procedure Law and Rules, Article 78, seeking a judicial order directing that he be designated as an investigator/detective. That litigation is ongoing.[1]

On February 12, 2003, defendants terminated plaintiff's position with MADTF/GRANET and moved him to road patrol. While litigation was pending (plaintiff's complaint does not specify a date), plaintiff alleges that Greece Police Department Chief

---

[1]On December 22, 2005, the New York State Supreme Court, Appellate Division, Fourth Judicial Department, reversed an order of the Supreme Court granting defendants summary judgment, and remanded the matter back to Supreme Court for further proceedings. *Matter of Kevin Degnan*, No. 1453 CA 05-01092, 2005 N.Y. Slip. Op. 9865, 2005 N.Y. App. Div. LEXIS 14662 (N.Y. App. Div. Dec. 22, 2005).

Merritt Rahn stated to him that, "I may as well throw away my pencil [break off all your pencils and throw them away] [sic], you will never get promoted." (Compl. ¶ 20.)

During June 2002, plaintiff states that he took the examination for promotion to sergeant in the Greece Police force, but was passed over on three occasions by less senior and less experienced officers. On August 16, 2004, plaintiff alleges that he applied for an open position on GRANET. He further alleges that despite his 19 years of seniority and superior qualifications for the position, he did not receive an the appointment. Plaintiff further states that, pursuant to a collective bargaining agreement, he filed a grievance against the Town of Greece, Greece Police and Chief Rahn, but has not received any response. He asserts that defendants' actions against him are retaliatory, and that defendants have subjected him to a hostile working environment.

Plaintiff filed a complaint in this Court on February 1, 2005, alleging seven causes of action: (1) violation of his procedural due process rights; (2) violation of his substantive due process rights; (3) violation of his First Amendment rights; (4) violation of his Equal Protection rights as a result of an arbitrary and capricious demotion; (5) conspiracy to violate his civil rights contrary to 42 U.S.C. § 1985; (6) violation of his Equal Protection rights resulting in emotional distress; and (7) loss of reputation, property rights and economic losses as a result of defendants' acts.

Defendants moved, on March 22, 2005, to dismiss the complaint, arguing that "application of the *Colorado River* factors demonstrate that the instant case is an exceptional case where the interests of 'conservation of judicial resources and comprehensive disposition of litigation' militates in favor of abstention." (Defs.' Mot. to Dismiss ¶ 12

(*quoting Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).)

## STANDARDS OF LAW

### Rule 12(b)(6) Standard

In considering a motion for dismissal under Rule 12, a defendant must show that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

***Rule 12(b)(1) Standard***

A motion to dismiss under Rule 12(b)(1) may be granted only if a plaintiff fails to prove by a preponderance of evidence that subject matter jurisdiction exists over his complaint. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001). The Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

**Colorado River[2] *Abstention Doctrine***

The *Colorado River* decision and its progeny have established six factors for a federal court to consider in determining whether or not to exercise its jurisdiction: 1) which court first assumed jurisdiction over the *res* involved in the actions; 2) the relative inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order of filing for the state and federal actions; 5) the law that provides the rule of decision; and 6) protection of the federal plaintiff's rights.  *DeCisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989).  No single factor is decisive.  Rather, the Court must perform a "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id*.  Overall, the Court must find

---

[2]*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

that "exceptional circumstances" exist to warrant abstention. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938 (1983).  If the Court finds that abstention is appropriate, it may either dismiss the action or stay it, pending the outcome of the parallel state court action. *DeCisneros v. Younger*, 871 F.2d at 306.  Ultimately, the decision whether or not to abstain lies within the sound discretion of the Court. *Id.* at 307.

However, *Colorado River* abstention only applies where there are *parallel* state and federal proceedings. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002) ("This doctrine only applies when there are parallel proceedings pending in federal and state court.  Suits are "parallel," for the purposes of determining whether *Colorado River* abstention applies, if they involve the same parties and the same issues.") (citations and internal quotation marks omitted); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997) ("Federal and state proceedings are "concurrent" or "parallel" for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.").

## DISCUSSION

Reviewing the complaint, as the Court must, and drawing all inferences in plaintiff's favor, the Court determines that defendants have failed to show that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Therefore, the Court denies defendants' motion to dismiss under Rule 12(b)(6). With regard to defendants' Notice of Motion claim for relief under Rule 12(b)(1) for lack of personal jurisdiction, defendants write in paragraph four of their attached Motion to Dismiss the Plaintiff's Complaint Pursuant to the "Colorado River Abstention Doctrine," that, "[w]hile it may

appear that this Court has jurisdiction over the instant controversy, we respectfully submit, for the reasons detailed herein below, that this Court should abstain from exercising jurisdiction…." The Court finds this to be a concession by defendants that the Court does have jurisdiction for the purposes of their Rule 12(b)(1) application, but that they are requesting the Court to abstain from exercising its valid jurisdiction.

Turning now to the doctrine of abstention, as indicated above, a condition precedent to a consideration of the *Colorado River* factor is a determination that the federal and state proceedings are parallel.  In this case, the Court finds they are not. In that regard, the Court agrees with plaintiff that the outcome of the Article 78 proceeding, "while important to the plaintiff, has no import with regard to this cause of action…." (*Id*. at 8-9.) The Court finds that plaintiff's allegations, pertain not to the denial of placement in an investigator or detective position under the State civil service law or with the Greece police, but, rather, to retaliation for having sought such a placement. Thus, whether the State court eventually rules in his favor, or not, the allegations in his Federal complaint would remain. Essentially, he claims that in exercising his First Amendment and Due Process rights in demanding placement in a detective or investigator position, defendants retaliated against him, contrary to his Federal constitutional rights. Therefore, contrary to defendants' assertions, the Court finds that the claims pending in the instant lawsuit are not the same as those pending in the State court proceeding. Consequently, this Court has no discretion to abstain from exercising jurisdiction. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d at 540; *McSpadden v. Caron*, No.  03-CV-6285 CJS, 2004 U.S. Dist. LEXIS 28673, *30 (W.D.N.Y. Sep. 21, 2004).

**CONCLUSION**

Accordingly, defendants' motion to dismiss (# 3), or, in the alternative, stay, this litigation, is denied in its entirety.

IT IS SO ORDERED.

Dated:  January 19, 2006
        Rochester, New York

                    ENTER:

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge